TOWNSHIP OF HAMILTON, RELATOR, v. MERCER COUNTY TRACTION COMPANY ET AL., RESPONDENTS.

Argued June 20, 1916—Decided June 26, 1916.

When a rule to show cause why a peremptory writ of *mandamus* should not issue has been made absolute, and after such decision was announced, the respondents, for the purpose of reviewing it, obtained leave to frame pleadings upon which a final judgment might appear on the record, the return in such fictitious pleadings to the alternative writ must aver no fact and must tender no issue as to any fact that was not before the court at the time the decision to be reviewed was pronounced.

On motion to frame pleadings.

Before Justices GARRISON, TRENCHARD and BLACK.

For the relator, *Linton Satterthwaite.*

For the respondents, *Frank Bergen.*

PER CURIAM.

On April 29th, 1915, the relator obtained a rule to show cause why a writ of *mandamus* should not issue commanding the respondents to complete the construction of a street railway; under which rule each party took testimony which was completed on May 21st, 1915. At the November term the rule was brought on for argument and a decision was rendered, covering all the points presented by the testimony, making the rule absolute and directing that a peremptory writ of *mandamus* issue.

Counsel for the respondents, being desirous to review this decision, obtained leave to frame pleadings by which such decision should be presented to the appellate court as a final judgment. The practice is set forth in *Hoos* v. *O'Donell,* 60 *N. J. L.* 35. Under this practice the judgment final that is formally to take the place of the decision that was actually

rendered appears upon the record as having been pronounced upon a demurrer to the return made by the respondents to an alternative writ of *mandamus* which by the fiction the relator is supposed to have obtained. The fictitious writ, return, demurrer and judgment thus constructed after the actual decision has been rendered in another form of procedure have but a single purpose, viz., to place such decision in a shape in which it can be reviewed under section 4 of the *Mandamus* act.

To this end it is imperative that the fictitious return to a ·demurrer ·by which the question already decided is presented shall aver no fact and shall tender no issue that was not before the court that rendered such decision. Otherwise there would be no review of such decision, but instead thereof an original consideration by the appellate tribunal of a case that was ·different from that upon which the court of first instance had given its judgment. The only alternative is that the relator would be forced to plead to such new fact or issue in which event under the guise of a practice proceeding the decision of the court would be set at naught without review and a new case be submitted to the court and perhaps to a jury for original consideration. Such a result is not for a moment to be considered. Every consideration whether of theory or practice requires that the fictitious return shall be strictly of the character indicated and in no respect otherwise.

In the present case the return prepared by counsel for the respondents departs from this rule in the respects pointed out in the brief of counsel for the relator. A demurrer to such a return would not present the questions passed upon by the decision of this court. A return free from these or other similar objections and so framed as to comply with the views expressed in this memorandum may be tendered to counsel for the relator within ten days, otherwise the attempt to frame pleadings that shall present the decision for review will be deemed to be abandoned.